**Black v. Connor et al.**

Before Gibson, P. J., Carson and Cummins, JJ.

*John E. Costello*, for plaintiff.

*H. Russell Stahlman*, for defendants.

GIBSON, P. J., June 25, 1951.—Plaintiff brought an action of trespass against Neil T. Connor, Pauline Connor, and Edward J. Protin, trading as the Columbus Hotel.

The complaint alleges that Neil T. Connor, Pauline Connor, and Edward J. Protin are partners, and on September 23, 1949, were the owners and operators of the Columbus Hotel, of Charleroi, wherein was a barroom for the sale of beer and intoxicating liquor. Plaintiff claims he was injured by reason of the sale of intoxicating liquors unlawfully to a person under the influence of such liquors.

The sheriff made service of the complaint in trespass personally on Neil T. Connor, trading as Columbus Hotel, at his place of business on July 5, 1950, and at the same time returns that he served Pauline Connor, "trading as Columbus Hotel by handing to Neil T. Connor, partner of the aforesaid Columbus Hotel, at their place of business, Charleroi," an attested copy of the complaint in trespass, and at the same time the sheriff returns that he served Edward J. Protin, "trading as Columbus Hotel by handing to Neil T. Connor, partner of the aforesaid Columbus Hotel, at their place of business, Charleroi," an attested copy of the complaint in trespass.

No appearance or answer having been filed, on September 25, 1950, judgment was entered on praecipe of plaintiff's attorney in default of an appearance and in default of an answer.

On January 29, 1951, Edward J. Protin filed his petition, alleging that he was not a partner in the Columbus Hotel, but that Neil T. Connor was alone the

operator of the hotel business and in his name held the liquor license; that no service was made upon Edward J. Protin; that he had no knowledge of the proceeding until January 17, 1951, and praying that the judgment against him be opened. On this petition we issued a rule, returnable to February 26, 1951.

On March 7, 1951, Pauline Connor filed her petition, setting forth that she is not now, nor ever has been, a partner with Neil T. Connor and Edward J. Protin in the transaction of any business under the name of Columbus Hotel, claiming she is prejudiced by reason of being joined in a suit against a partnership of which she is not a member, averring that no service was ever made on her of the complaint in trespass, and praying that she be joined in the proceedings instituted by Edward J. Protin to open the judgment.

On March 7, 1951, Neil T. Connor filed his petition, setting forth that he is not now, and never has been, a partner of Pauline Connor and Edward J. Protin in the transaction of any business under the name of Columbus Hotel, and that he is prejudiced by being joined as a partner, and that the judgment against defendants generally is improper.

On the petitions of Pauline Connor and Neil T. Connor, rules were issued to show cause why the judgment should not be opened, returnable to March 19, 1951. On each rule to show cause why the judgment should not be opened, service was accepted and issuance of the rules waived.

Plaintiff filed an answer without designating which of the three petitions to open he was answering. The substance of his answer is that it is immaterial whether or not Neil T. Connor was a partner, service having been made on him, and therefore he is not prejudiced by the default judgment being entered.

It is clear to us that there was not proper service on

two of these defendants and under those circumstances the judgment should be opened as to them. It is clear from the old procedure and the power of the courts to modify as well as reverse and affirm judgments, that we have the power to set aside or open a judgment as to some of the defendants and not as to others: Herschberger v. Brown, 2 Woodward 101; Burnell v. Brady, 2 W. N. C. 370; Struthers v. Lloyd, 14 Pa. 216.

The allegations of the petitions to open that Edward J. Protin and Pauline Connor were not partners and were not engaged with Neil T. Connor in doing business as Columbus Hotel are not disputed in the answer and we must accept these allegations as true. Treating them as such, there has been no service of the suit on Edward J. Protin or Pauline Connor and no judgment by default could be taken against either of them.

As to Neil T. Connor, he was personally served with an attested copy of the complaint in trespass and it thereupon became his duty to appear and answer. His petition does not set forth any meritorious defense and therefore as to him the judgment should not be disturbed.

And now, June 25, 1951, the judgment entered in default of an appearance and in default of an answer against Pauline Connor and Edward J. Protin on September 25, 1950, as to each of them is hereby opened and set aside, to the end that each may cause an appearance to be entered and each may file an answer on or before the fourth Monday of August next.

The petition of Neil T. Connor to open the judgment entered in default on September 25, 1950, and to let him into a defense, is hereby refused and the rule issued thereon is dismissed.